# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN C. OLIVER | : | CIVIL ACTION |
| v. | : | |
| GD CORRECTIONAL FOOD SERVICE, LLC. and JAMES C. KOSTURA | : | NO. 19-5084 |

## MEMORANDUM

**Savage, J.**                                                                                     **November 27, 2019**

*Pro se* Plaintiff Brian C. Oliver, a pretrial detainee confined at the Northampton County Prison ("NCP"), has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. He has also filed a Motion to Proceed *In Forma Pauperis*. Named as Defendants are GD Correctional Food Service, LLC ("GDC") and James C. Kostura, Director of NCP.

Because it appears that Oliver is unable to afford to pay the filing fee, we shall grant him leave to proceed *in forma pauperis.* Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Complaint will be dismissed without prejudice as to defendant Kostura.

## FACTS

In his Complaint, Oliver's asserts that his First Amendment free exercise rights have been violated by GDC, the food service provider at NCP, because he has been receiving meat products on his food trays. Oliver asserts he is a member of the Rastafarian religion and a religiously compelled vegetarian.[1] He asserts that although he has made GDC's staff and Kostura aware of his religious diet, they have not corrected

---

[1] Complaint at 3 (Doc. No. 2). We adopt the pagination supplied by the CM/ECF docketing system.

his problem.[2] He received meat in his meals "several times" between August 2019 and October 21, 2019.[3] He seeks $50,000 in money damages for the emotional pain this has caused.[4]

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which means the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements do not suffice." *Id.* Because Davis is proceeding *pro se*, we construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## DISCUSSION

Section 1983 of Title 42 of the United States Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

---

[2] *Id.* at 4.

[3] *Id.* at 4-5.

[4] *Id.* at 5.

42 U.S.C. § 1983.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Furthermore, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The First Amendment to the Constitution of the United States, made applicable to the States by the Fourteenth Amendment, *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940), provides, *inter alia*, that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof. . . ." U.S. Const, amend. I. Free exercise rights are lessened, but not extinguished in the prison context, where legitimate penological interests must be considered in assessing the constitutionality of official conduct. *See Turner v. Safley*, 482 U.S. 78, 89 (1987). Although prisoners must be afforded "reasonable opportunities" to exercise their religious freedom guaranteed by the First Amendment, *Cruz v. Beto*, 405 U.S. 319, 322 n. 2 (1972), imprisonment necessarily results in restrictions on some constitutional rights, including the First Amendment's right to the free exercise of religion. *O'Lone v. Shabazz*, 482 U.S. 342, 348-49 (1987). It is well-established that only those beliefs which are (1) sincerely held, and (2) religious in nature are entitled to constitutional protection. *Wisconsin v. Yoder*, 406 U.S. 205, 215-19 (1972); *DeHart v. Horn*, 227 F.3d 47, 51 (3d Cir. 2000); *see also*, *Africa v.*

3

*Pennsylvania*, 662 F.2d 1025, 1029-30 (3d Cir. 1981) (describing three indicia of religion: (1) an attempt to address "fundamental and ultimate questions" involving "deep and imponderable matters"; (2) a comprehensive belief system; and (3) the presence of formal and external signs like clergy and observance of holidays).

Oliver contends that his First Amendment rights were violated when Defendant GDC included meat in his diet, thus failing to accommodate his special religious dietary needs. Liberally construing Oliver's claim, we assume that his vegetarianism is a sincerely held belief and religious in nature. We will also presume that GDC is a "state actor" for purposes of § 1983 liability. *See McCullum v. City of Philadelphia*, Civ. A. No. 98-5858, 1999 WL 493696, at *2-3 (E.D. Pa. July 13, 1999) (holding that contracted corporate food service provider was a state actor for purposes of § 1983 liability). Accordingly, his claim against GDC will be permitted to proceed.

Oliver makes no factual assertions regarding Director Kostura other than his claim that Kostura was made aware that GDC was including meat in his meals. To the extent that Oliver has named Kostura as a defendant based upon his position at NCP, there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights,

4

directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.* Oliver makes no allegations showing neither a policy nor deliberate indifference. Nor does he allege Kostura's direct participation in the events he describes in his Complaint. It is also no clear from the Complaint whether, and to what extent, Kostura has authority over GDC. Accordingly, the claim against Kostura is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the foregoing reasons, we shall dismiss Oliver's Complaint without prejudice against defendant Kostura only. Oliver will be granted leave to file an amended complaint within thirty days in the event he can cure the defects in his claim against Kostura. Otherwise this action will proceed against GD Correctional Food Service LLC only.